**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
================================================

MARK LAJEUNESSE, MICHAEL TORRES, JOHN MOSHER,
JOSEPH P. GROSS, CHRISTOPHER SPRARAGEN and BRIAN
HART, as Trustees of the I.B.E.W. Local 236 Pension Fund, I.B.E.W.,
Local 236 Health and Benefit Fund and I.B.E.W. Local 236 Annuity
Fund and I.B.E.W. Local 236,                                        **COMPLAINT**

                                    Plaintiffs,          Civil Action No.:

             -against-                                   1:18-CV-590[FJS/CFH]

NORTHERN INSTRUMENTATION, INC. and ALAN ETHIER,

                                    Defendants.
================================================

     Plaintiffs, by their attorneys, Pozefsky, Bramley & Murphy, complaining of the Defendants,

respectfully allege as follows:

### I. JURISDICTION AND VENUE

    1.    This is an action arising under the Employee and Retirement Income Security Act of

1974 [hereinafter referred to as "ERISA"] [29 U.S.C. Section 1001 et seq.].  It is an action by

fiduciaries of employee benefit plans for monetary and equitable relief to redress violations of

Section 515 of ERISA [29 U.S.C. Section 1145].

    2.    Jurisdiction is conferred on this Court by Section 502 of ERISA [29 U.S.C. Section

1132], without respect to the amount in controversy or the citizenship of the parties, as provided in

Section 502(f) of ERISA [29 U.S.C. Section 1132(f)].

    3.    Venue is established in this Court by Section 502(e)(2) of ERISA [29 U.S.C. Section

1132(e)(2)].  It is an action brought in the district where Plaintiff Union and Plaintiffs Trust Funds

are administered and where the breach took place.

4.      This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. Section 185(a)].  It is a suit for, among other things, violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the Labor-Management Relations Act of 1947, as amended [29 U.S.C. Section 141 et seq.].

5.      Thus, jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. Section 185(a)], and pursuant to 28 U.S.C. Sections 1331 and 1337.

6.      Supplemental jurisdiction in this action is also conferred on this Court for a claim for conversion pursuant to Section 1367 of Title 28 of the United States Code.

## II.  DESCRIPTION OF THE PARTIES

7.      Plaintiffs Mark Lajeunesse, Michael Torres, John Mosher, Joseph P. Gross, Christopher Spraragen and Brian Hart as Trustees of the I.B.E.W. Local 236 Pension Fund, I.B.E.W., Local 236 Health and Benefit Fund and I.B.E.W. Local 236 Annuity Fund ("the Funds"), which provide pension, health and welfare and annuity benefits to Participants and Beneficiaries.  These Plaintiffs bring this action of behalf of the Funds and their Participants and Beneficiaries.  Plaintiffs are the fiduciaries of the Funds, as defined in Section 3(14)(A) of ERISA [29 U.S.C. Section 1002(14)(A)].

8.      Plaintiff IBEW Local 236 (the "Union") is labor organization representing employees of employers in an industry affecting commerce, for the purpose of collective bargaining concerning wages, hours and working conditions, as defined in the Labor Management Relations Act of 1947, as amended {29 U.S.C. Section 152, et seq.}, and brings this action on behalf of its members and

to enforce its collective bargaining agreements as hereinafter described.

9.      The Funds are multi-employer plans as defined in Section 3(37) of ERISA [29 U.S.C. Section 1002(37)], and are employee benefit plans, as defined in Section 3(3) of ERISA [29 U.S.C. Section 1003(3)]. The Funds are administered within the Northern District of New York, at 3000 Troy-Schenectady Road, Schenectady, New York  12309.

10.     Upon information and belief, Defendant, Northern Instrumentation, Inc. ("Northern") is a New York corporation with its principal place of business and office located in Gansevoort, New York, in the Northern District of New York.

11.     Upon information and belief, Defendant Alan Ethier is an individual who resides in the Northern District of New York, and at all times herein mentioned was and is the President, Chief Operating Officer and Stockholder of Northern.

12.     Defendant, Northern, is an employer in an industry affecting commerce as defined in Section 3(5) (11) and (12) of ERISA [29 U.S.C. Section 1002(5)(11) and (12)]. At all times herein mentioned, Defendant was an employer of employees covered by a collective bargaining agreement who are participants in employee benefit plans and multi-employer plans maintained pursuant to a collective bargaining agreement, as defined in Section (393) and (37) of ERISA [29 U.S.C. Section 1002(3) and (37)], and Defendant Northern was obligated to make contributions to the Funds on their behalf in accordance with Section 515 of ERISA [29 U.S.C. Section 1145].

### III.   FIRST CAUSE OF ACTION ON BEHALF OF THE HEALTH AND BENEFIT,   PENSION AND ANNUITY FUNDS AGAINST DEFENDANT NORTHERN

13.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "12," inclusive, of this Complaint as if set forth fully at this point.

14.   Section 515 of ERISA [29 U.S.C. Section 1145] provides that:

Every employer is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

15.   Section 502(g)(2) of ERISA [29 U.S.C. Section 1132(g)(2)] provides that:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 [29 USCS Section 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)   the unpaid contributions,

(B)   interest on the unpaid contributions,

(C)   an amount equal to the greater of --

(i)   interest on the unpaid contributions, or

(ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)   such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954 [26 USCS Section 6621].

16.   At all times relevant herein, Defendant Northern was signatory to and agreed to be bound by the collective bargaining agreement between "The Albany Electrical Contractors Association, NECA, Albany Chapter and the Union effective June 1, 2015 (the "Agreement.")

-4-

17.     Defendant Northern is obligated under the Agreement and the Trust Agreements and rules and practices of the Funds, *inter alia*, to submit to the Funds monthly written reports ("Reports") describing the employees of Defendant covered by the Agreement ("Covered Employees"), the hours worked by such Covered Employees and the payments or contributions to be made for such Covered Employees, and to file such Reports and make payment to Plaintiffs of all amounts due as shown thereon, by the 15th of the month following the month in which the work covered by the Agreement is performed.

18.     The Agreement obligates Defendant Northern to make the payments to the Funds for each hour of work for each of said Defendant's Covered Employees in the jurisdiction of the Union for the months of May, June, July, August and September, 2017.

19.     Upon information and belief, Northern went out of business during or after September 2017.

20.     In addition to the foregoing payments, pursuant to the Agreements and Section 502(g)(2) of ERISA [29 U.S.C. Section 1132(g)(2)], Defendant Northern is liable not only for the amount of payments due, but also for interest, for collection expenses, including, but not limited to, litigation and accounting expenses incurred to obtain or ascertain the amount of delinquencies,  and for other interest, additional sums and expenses of collection, as provided in ERISA.

21.     Defendant Northern failed and refused, and continues to fail and refuse, to make the required payments for the months of May, June, July, August and September, 2017, when due, and by reason of its said failure and refusal to make the required payments when due, Northern owes said payments plus interest.

22.     Defendant Northern has failed to file required Reports for the months of May, June,

July, August and September 2017. In the absence of the required Reports for those months, for purposes of this lawsuit the amount of Northern's delinquency is estimated, based on Plaintiff's belief that two Covered Employees for whom contributions were required were employed by Northern in the months of May and June 2017 and one Covered Employee for whom contributions were required was employed by Northern in the months of July, August and September 2017. The estimated amounts are as follows:

Health and Benefit Fund

| Month | Hours | Amount |
|-------|-------|--------|
| 5/2017 | 320 | $ 3,363.20 |
| 6/2017 | 320 | $ 3,603.20 |
| 7/2017 | 160 | $ 1,801.60 |
| 8/2017 | 160 | $ 1,801.60 |
| 9/2017 | 160 | $ 1,801.60 |
| | Total | $12,371.20 |

Pension Fund

| Month | Hours | Amount |
|-------|-------|--------|
| 5/2017 | 320 | $ 3,203.20 |
| 6/2017 | 320 | $ 3,363.20 |
| 7/2017 | 160 | $ 1,681.60 |
| 8/2017 | 160 | $ 1,681.60 |
| 9/2017 | 160 | $ 1,681.60 |
| | Total | $11,611.20 |

Annuity Fund

| Month | Hours | Amount |
|-------|-------|--------|
| 5/2017 | 320 | $ 768.00 |
| 6/2017 | 320 | $ 768.00 |
| 7/2017 | 160 | $ 384.00 |
| 8/2017 | 160 | $ 384.00 |
| 9/2017 | 160 | $ 384.00 |
| | Total | $2,688.00 |

The total for all three Funds comes to $26,670.40.

23.     As a consequence of the foregoing, Defendant Northern has failed to perform its obligations under the Agreement and the Trust Agreements and the rules and practices of the Funds and ERISA, despite demands that Defendant Northern  perform its said obligations.

### IV.    SECOND CAUSE OF ACTION ON BEHALF OF THE UNION AGAINST DEFENDANT NORTHERN

24.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "23," inclusive, of this Complaint, as if set forth fully at this point.

25.     Defendant Northern owes the following additional monies  pursuant to the Agreement.

### (A)    **Working Dues:**

The Agreements obligate Defendant Northern to deduct "Working Dues" from the pay of each Union member employed by Defendant Northern for each hour worked.  Upon information and belief, Defendant Northern has deducted said Working Dues from the pay of each said Union member, during the foregoing months, but has failed and refused, and continues to fail and refuse, to remit monies so deducted for the months of May, June, July, August and September 2017.  The estimated amount due to the Union for such months is $1,691.20.  The amount is calculated based on 4% of the hourly wage package of $37.75 for 1120 estimated hours.

### (B)    **Joint Apprenticeship and raining Fund (JATC):**

The Agreement obligates Defendant Northern to make payments to the JATC. Defendant Northern has failed and refused, and continues to fail and refuse, to make the required payments to said Fund for the months of May, June, July, August and September 2017.  The amounts estimated to be due to JATC are as follows:

| Month | Hours | Amount |
|-------|-------|--------|
| 5/2017 | 320 | $160.00 |
| 6/2017 | 320 | $160.00 |
| 7/2017 | 160 | $ 80.00 |

|        |     |          |
|--------|-----|----------|
| 8/2017 | 160 | $ 80.00  |
| 9/2017 | 160 | $ 80.00  |

Total    $560.00

## V.   THIRD CAUSE OF ACTION ON BEHALF OF THE PENSION, HEALTH AND BENEFIT AND ANNUITY FUNDS AGAINST DEFENDANT ALAN ETHIER

26.      Plaintiffs Pension, Health and Benefit and Annuity Funds repeat and reallege each and every allegation contained in Paragraphs "1" through "26," inclusive, as if set forth fully at this point.

27.      Section 3(21) (A) of ERISA (29 U.S.C. Section (21) (A)) in pertinent part defines a person as a "fiduciary" of an ERISA plan to the extent "(i) he exercises any...authority or control respecting...disposition of its assets."

28.      Amounts owing to the Funds, as ERISA Funds, became assets of the Funds on the dates that Defendant Northern was required to contribute those amounts to the Funds.

29.      Upon information and belief, during all times relevant herein, Defendant Alan Ethier, as President, Chief Executive Officer and Stockholder of Northern, was ultimately responsible for determining the corporate accounts of Northern into which deposits were made, including payments from jobs performed by Northern's Covered Employees, the creditors and other employees of Northern to whom or for whom payments, credits, and offsets were made, the suppliers with whom Northern did business, and the payments to be made to them, the rent or rent equivalent to be payed by Northern, and the order, amount, and timing of all such payments, and he ultimately was responsible for the disposition of the income and assets of Northern, including whether and when to pay the amounts Northern owed to the Funds, and to the JATC and to the Union for Working

Dues deducted from wages of Covered Employees.

30.     Thus, upon information and belief, Defendant Alan Ethier was ultimately responsible for and controlled decisions regarding the payments or non-payments of amounts owing to the Funds, the JATC and to the Union for Working Dues deducted from wages of Covered Employees.

31.     By reason of the foregoing, upon information and belief, Defendant Alan Ethier exercised authority and control over the management of Northern and the disposition of ERISA plan assets.

32.     By reason of the foregoing, upon information and belief, Defendant Alan Ethier, at all times relevant to this lawsuit, was and continues to be a fiduciary of the Funds under Section 3(21)(A) of ERISA because he "exercise[d]...any authority or control respecting...disposition of [plan] assets..."

33.     As such fiduciary, Defendant Alan Ethier under Sections 404 and 406 of ERISA (29 U.S.C. Sections 1104 and 1106), owed the Funds a duty to use the Funds' assets only for permissible purposes of the Funds and not for any purposes that would otherwise benefit Defendant Northern and/or Defendant Alan Ethier, individually, or his family.

34.     Upon information and belief, Defendant Alan Ethier breached his fiduciary duty owed to the Funds and became personally liable to the Funds by diverting or authorizing or permitting the diversion of assets of the Funds (amounts due and owing from Northern to the Funds) for his own use and benefit or the use and benefit of others, including his family, to the extent that he failed to segregate or to see to the segregation of monies needed by Northern to pay the Funds, by making or authorizing or permitting payments to or for the benefit of other creditors of Northern and/or himself or his family with these assets, and by not paying or contributing them to the Funds or directing that

they be paid or contributed to the Funds on behalf of Northern, as required, and by otherwise using said assets of the Funds or permitting said assets of the Funds to be used for purposes other than those allowable under ERISA and the applicable documents controlling the Funds.

35. Plaintiffs Trustees of the Funds have suffered damages in the amounts set forth with respect to the above as a result, upon information and belief, of Defendant Alan Ethier's breach of fiduciary duty, because the Funds have not received the payments due and owing to them, thereby impairing their ability to realize investment gains and to pay benefits promised to Participants and Beneficiaries of the Funds.

36. Upon information and belief, Defendant Alan Ethier is liable to the Funds for the aforesaid damages pursuant to Section 409 of ERISA (29 U.S.C. Section 1109), which creates personal liability of fiduciaries for breach of ERISA fiduciary duties.

## VI. FOURTH CAUSE OF ACTION ON BEHALF OF THE PENSION, HEALTH AND BENEFIT AND ANNUITY FUNDS AND THE UNION AGAINST DEFENDANTS NORTHERN AND ALAN ETHIER

37. Plaintiffs Pension, Health and Benefit and Annuity, repeat and reallege each and every allegation contained in Paragraphs "1" through "36," inclusive, as if set forth fully at this point.

38. Upon information and belief, during the years 2016 and 2017, Northern under-reported the number of hours worked by its Covered Employees as reflected on the monthly Reports submitted to the Funds and under-paid payments owed to the three Funds and the Union on behalf of the Covered Employees for the hours they actually worked under the Agreement, and in at least one instance, failed to include one Covered Employee for any hours.

39. Defendant Northern is the primary source for the information required to be provided

on the monthly Reports, and Defendant Northern, itself, is required to prepare the Reports reflecting the appropriate number of hours worked by its Covered Employees under the Agreement and to calculate and remit the appropriate payments, so that as a consequence, the three Funds and the Union must rely, in the first instance, on Defendant Northern's honesty and accuracy in completing the Reports.

40.     Upon being informed by Covered Employees of the aforementioned under reporting and under payment of benefits owed on behalf of those Covered Employees under the Agreement, the Funds wrote to Defendant Northern seeking a compliance audit pursuant to Section 6.12 of the Agreement, and informing Defendant Northern that it would be contacted by the Fund's auditor, Joseph W. McCarthy and Associates to verify the accuracy of contributions that have been submitted to the Funds and the Union and related entities.

41.     Joseph W. McCarthy and Associates made repeated attempts by email and telephone messages beginning in October 2016 to schedule the audit with Defendant Northern's payroll employee Nicole Menard, Defendant Alan Ethier's daughter, but never was able to schedule the audit.

42.     Plaintiff Funds and Union now seek an audit for the period January 2015 through September 30, 2017, and require access to various corporate records, including (a) payroll earning records for Covered Employees; (b) New York State Quarterly Tax Reports for all employees (with earnings of non Covered Employees redacted if Defendant Norther so desires); (c) certified payroll records for all public works jobs or projects.

43.     Plaintiffs seek injunctive relief and other appropriate equitable relief pursuant to Sections 502 (a)(3) and 502 (g)(2) of ERISA [29 U.S.C. Sections 1132 (a)(3) and (g)(2)].

### VII.   FIFTH CAUSE OF ACTION ON BEHALF OF THE PENSION, HEALTH AND BENEFIT AND ANNUITY FUNDS AND THE UNION AGAINST DEFENDANTS NORTHERN AND ALAN ETHIER

44.     Plaintiffs Pension, Health and Benefit and Annuity, repeat and reallege each and every allegation contained in Paragraphs "1" through "43," inclusive, as if set forth fully at this point.

45.     Upon completion of their audit, and in the event that it is determined that Defendant Northern under-reported and under-paid required benefits to the Funds and the Union, Plaintiffs are entitled to a judgment awarding them the amount of such under-reported and under-paid benefits together with interest therein at the two (2%) percent over prime rate per year, as provided in the Agreement, pursuant to ERISA Section 502 (g)(2)(B) [29 U.S.C. Section 1132 (g)] and an additional amount equal to such interest pursuant to Section 502 (g)(2)(C)(i) of ERISA [29 U.S.C. Section 1132 (g)(2)(C)(i)].

### VIII.   SIXTH CAUSE OF ACTION ON BEHALF OF THE UNION AGAINST DEFENDANT ALAN ETHIER

46.     Plaintiff Union repeats and realleges each and every allegation contained in ¶s "1" through "45," inclusive, of the Complaint, as if set forth fully at this point.

47.     Pursuant to the Agreement, upon information and belief, Northern deducted monies from the wages of its Covered Employees who were members of the Union and covered by the Agreement during the months of May, June, July, August and September 2017, for Union Working Dues but failed to remit or pay the same to the Union for the benefit of said Covered Employees, when due, as required by the Agreement.

48.     Northern failed and refused and continues to fail and refuse to remit and pay to the

Union all such Working Dues deducted from the wages of said Covered Employees, which are estimated herein at $1,691.20.

49. Said Working Dues, to the extent that they were deducted from wages of Covered Employees and not remitted and paid to the Union, as aforesaid, represent monies earned by said Covered Employees but not paid to them or for their benefit, and accordingly, were wrongfully converted by Defendant Alan Ethier or by his family.

50. Upon information and belief, in his capacity as President, Chief Executive Officer and Stockholder of Northern, Defendant Alan Ethier did not segregate or cause to be segregated said monies deducted from the wages of said Covered Employees for Union Working Dues from other monies available to Northern or used by Northern for other purposes, including paying other creditors, suppliers and/or employees.

51. Upon information and belief, in his said capacities, Defendant Alan Ethier exercised authority and control over the said monies deducted from wages of Covered Employees and the monies available to and used by Northern to pay corporate obligations and for other corporate purposes.

52. Upon information and belief, in his said capacities, Defendant Alan Ethier used or caused to be used, monies deducted from the wages of said Covered Employees of Northern, to pay Northern's employees not covered under the Agreement and Northern's officers and creditors other than the Union, and to make other payments while Working Dues were owed to the Union.

53. By reason of the foregoing, to the extent that said monies were deducted from wages of Covered Employees for Union Working Dues and were and continue to be owed by Northern to the Union, Defendant Alan Ethier, upon information and belief, wrongfully and unlawfully has

-13-

converted said monies to his own use and benefit or for the use and benefit of individuals or entities other than Covered Employees, including his family, to the damage of the Union and its members (the Covered Employees) from whose wages said monies were deducted, and Defendant Alan Ethier is personally liable for said monies owed to the Union on behalf of said Union members (Covered Employees), as aforesaid.

54.     This Court has jurisdiction over this cause of action for conversion pursuant to Section 1367 of Title 28 of the United States Code, because the claim is related to the claims of the Funds and the Union alleged in the first two causes of action herein. This claim is part of the same case or controversy involving Northern, arises under the same Agreement, and involves the same Covered Employees, the same corporate Defendant, the same work and hours of work and the same requirements for filing Reports and making required payments by the 15th of the month following the month in which the work was performed by said Covered Employees.

55.     This conversion claim does not raise a novel or complex issue of state law, nor does this conversion claim substantially predominate over the Federal claims alleged in the first three causes of action in this Complaint.

56.     There are no other compelling reasons for this Court to decline jurisdiction over the conversion claim alleged in this fourth cause of action.

## IX.  FOR ALL CAUSES OF ACTION

57.     Plaintiff Funds are entitled to a judgment awarding them attorneys' fees incurred to date on behalf of the ERISA Funds and the costs of this action pursuant to the Agreement and the Funds' Trust Agreements and Section 502 (g)(2)(D) of ERISA [29 U.S.C. Section 1132 (g)(2)(D)], and to reasonable audit fees and expenses pursuant to the Agreement.

-14-

58.     Defendants owe estimated interest on delinquent payments owed for the months of May, June, July, August and September 2017 of $1,433.13 calculated through April 15, 2018, and interest will be owed for all subsequent months not paid when due during the pendency of this action, calculated at 2% over the prime rate until payment in full pursuant to the Agreement.

59.     Defendants are responsible for (a) the charges for service of process herein in the amount of $40.00 on the Secretary of State for Defendant Northern; and an estimated amount of $100.00 for service upon on the individual Defendant Alan Ethier; (b) the Federal Court filing fee in the amount of $400.00 for the commencement of this action; (c) for attorneys' fees of $3,000.00 incurred by Plaintiffs through the filing and service of the Summons and Complaint in this action, (d) reasonable additional attorneys' fees of $1,500.00 in the event of entry of a Default Judgment, Partial Default Judgment, Consent Judgment or a  Partial Consent Judgment; and (e) any additional reasonable attorneys' fees incurred by Plaintiffs during the pendency of this action and the collection of any Judgment entered herein.

## X.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand the following relief against Defendants, based on the estimates contained herein:

    A.    <u>On The First Cause of Action</u>

        1. Health and Benefit Fund        $12,371.20
           [Paragraph 22]

        2. Pension Fund        $11,611.20
           [Paragraph 22]

        3. Annuity Fund        $ 2,688.00
           [Paragraph 22]

B.    <u>On The Second Cause of Action</u>

       1. Working Dues                           $ 1,691.20
          [Paragraphs 25(A)]

       2. JATC                                 $    560.00
          [Paragraph 25(B)]

(C)    <u>On The Third Cause of Action</u>

       1. Health and Benefit Fund            $12,371.20

       2. Pension Fund                      $11,611.20

       3. Annuity Fund                      $ 2,688.00

(D)    <u>On The Fourth Cause of Action</u>

       Reasonable audit fees.

(E)    <u>On the Fifth Cause of Action</u>

       Amounts determined by audit.

(F)    <u>On the Sixth Cause of Action</u>

       1. Working Dues                      $ 1,691.20

(G)    <u>On All Causes of Actions Against Defendants As Applicable</u>

       1.    Estimated interest of $1,433.13 calculated to April 15, 2018 together with all additional interest on amounts not paid when due at the rate of 2% over the prime rate until date of full payment.

       2.    Additional amounts, if any, pursuant to written Reports hereafter filed or audits during the pendency of this action, together with interest thereon, if applicable;

       3.    Attorneys' fees and expenses in connection with this proceeding, including (a) the amount of $3,000.00 through the filing and service of the Summons and

Complaint herein on behalf of the ERISA Funds; (b) an additional $1,500.00 in the event a Default Judgment, Partial Default Judgment, Consent Judgment or Partial Consent Judgment is entered herein on behalf of the ERISA Funds; (c) together with the $400.00 filing fee for this action, and $40.00 for service of process on the Secretary of State on Defendant Northern and an estimated amount of $150.00 for service of process on the individual Defendant Alan Ethier; together with other costs and disbursements of this action;

4.      An Order enjoining Defendant Northern and/or Defendant Alan Ethier from failing or refusing to permit an audit of Defendant Northern's books and records for the period from January 1, 2015 to and including the present.

5.      Additional reasonable attorneys' fees incurred by Plaintiffs during the pendency of this action and the collection of any Judgment entered herein, if applicable;

6.      An order directing that this Court retain jurisdiction of this action pending full compliance with all orders and judgments herein.

7.      Such other and further relief as the Court may deem just and proper.


DATED: May 17, 2018


POZEFSKY, BRAMLEY & MURPHY

By:     /s/ William Pozefsky, Esq.
        Bar Roll No.:  102388
        Attorneys for Plaintiffs
        Office and Post Office Address
        90 State Street, Suite 1405
        Albany, New York 12207
        Telephone:  (518) 434-2622
        Email: wpozefsey@pbmlaw.net


C:\FileServer\2018\Client Disc\L236 (49)\Northern Instrumentation\Complaint (revised 5 17 18).wpd